**WANTANABE REALTY CORP., Coney Island Resorts, Inc., and Horace Bullard, Plaintiffs–Appellants,**

v.

**CITY OF NEW YORK, et al., Defendants–Appellees.**

No. 04–1182.

United States Court of Appeals, Second Circuit.

Dec. 5, 2005.

Barry S. Gedan, Riverdale, New York, for Plaintiffs–Appellants.

Scott Shorr, Senior Counsel, New York City Law Department (Michael A. Cardozo, Corporation Counsel of the City of New York, on the brief; Barry P. Schwartz), New York, New York, for the New York City Defendants–Appellees, of counsel.

Peter James Johnson, Jr., Leahey & Johnson, P.C., New York, New York, for Defendants–Appellees Anthony Noto and NBI Equipment Corp.

Present: Hon. Sonia SOTOMAYOR, Hon. Robert A. KATZMANN, Circuit Judges, and Hon. Richard K. EATON, Judge.*

**SUMMARY ORDER**

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiffs-appellants Wantanabe Realty Corp., Coney Island Resorts Inc., and Horace Bullard ("plaintiffs") appeal from a February 18, 2004 judgment and various orders and opinions of the United States District Court for the Southern District of New York (Kaplan, J.) concerning their claims against the City of New York ("the City") and certain of its employees and independent contractors for the allegedly unlawful demolition of the Thunderbolt Roller Coaster and Kensington Hotel in Coney Island on November 17, 2000. We assume the parties' familiarity with the facts of the case, its procedural history, and the issues on appeal.

## I. Due Process

### A. Procedural Due Process

■ Plaintiffs argue that the district court erred when it failed to grant summary judgment against defendants the City, Tarek Zeid, Vito Mustaciuolo, Frank Marchiano, N.B.I. Equipment Corp., and Anthony Noto on federal and state procedural due process claims. We review the grant or denial of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party. *Feifer v. Prudential Ins. Co. of Am.*, 306 F.3d 1202, 1208 (2d Cir.2002) (citations omitted).

In order to show a violation of procedural due process rights, a plaintiff must show an intent more culpable than mere negligence. *Daniels v. Williams*, 474 U.S. 327, 328, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Here, the defendants sent letters notifying plaintiffs of the proposed demolition, and inviting them to contest it. These letters were sent to the wrong address, but the plaintiffs introduced no evidence that this was anything other than a clerical error. Accordingly, the district court properly granted summary judgment against the plaintiffs on the procedural due process claim.

### B. Substantive Due Process

■ The plaintiffs also argue that the district court wrongly set aside the jury's verdict that Zeid was liable for violation of the plaintiffs' substantive due process rights. We review grants of judgment as

* The Honorable Richard K. Eaton, Judge, United States Court of International Trade, sitting by designation.

a matter of law *de novo,* affirming only if "the evidence, viewed in the light most favorable to the opposing party, is insufficient to permit a reasonable juror to find in her favor." *Davis v. Rodriguez,* 364 F.3d 424, 432 (2d Cir.2004) (citation and quotation marks omitted).

The district court found that the jury was justified in regarding Zeid's decision to order the demolition of the Thunderbolt as "outrageously arbitrary," in that Zeid relied on the report of a subordinate whom he admitted he knew to be unqualified. However, uncontradicted evidence indicated that Zeid's decision to issue an emergency declaration would ordinarily have resulted in the issuance of a letter informing the owner of the impending demolition, following which the owner would have an opportunity to demonstrate that his structure was safe. Thus, Zeid had no reason to believe that the property owner would not receive notice or that an unjustified demolition would take place.

Recognizing that "our concern with preserving the constitutional proportions of substantive due process demands an exact analysis of circumstances before any abuse of power is condemned as conscience-shocking," *County of Sacramento v. Lewis,* 523 U.S. 833, 850, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998), we agree with the district court that Zeid's conduct did not shock the conscience because Zeid had no reason to believe his conduct created any real risk that the unjustified demolition would actually take place.

## II. Trespass

■ The district court granted judgment as a matter of law dismissing the trespass claim against Marchiano, which plaintiffs argue was error. The district court found that Marchiano's role in the demolition was "simply to check the paperwork." Noting that Marchiano, who had not himself trespassed, could only be liable under an aiding and abetting theory, the district court held that Marchiano also lacked the requisite mental state. "In order to be liable for acting in concert with the primary tortfeasor ..., the defendant must know the wrongful nature of the primary actor's conduct." *Pittman by Pittman v. Grayson,* 149 F.3d 111, 123 (2d Cir.1998). Here, nothing showed that Marchiano was aware of any likelihood of wrongful demolition; like everyone else, he had reason to believe the owners would have an opportunity to challenge the demolition. Accordingly, we affirm the district court's finding that Marchiano's participation and mental state were insufficient to give rise to liability.

Plaintiffs also argue that the court erred in granting immunity from trespass liability to Zeid and Mustaciuolo. The City argues that the plaintiffs failed to challenge this ruling in the district court. "It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976). Because the plaintiffs have failed to show that they raised this argument in the district court, we hold that this argument was waived.

We defer to the district court's factual finding that Mustaciolo had a good-faith basis for his finding that the hotel needed to come down, *see* Fed.R.Civ.P. 52(a), and must conclude that he therefore enjoyed absolute immunity under state law for his decision to demolish the hotel.

## III. Damages

### A. Measure of Damages

■ Plaintiffs argue that the district court erred by refusing to adopt what it claimed was the appropriate measure of damages: the replacement cost of the roll-

er coaster, taking into account the depreciation and deterioration which existed at the time it was demolished. All of the cases plaintiffs cite, however, show that the appropriate measure of damages was the lesser of (1) the replacement cost, or (2) the diminution in market value caused by the demolition. *See Scribner v. Summers*, 138 F.3d 471, 472 (2d Cir.1998). After an instruction to this effect, the jury found that the Thunderbolt had no value, and that the demolition either increased or failed to diminish the fair market value. Thus, the plaintiffs could not have been disadvantaged by a failure to consider replacement cost.[1]

Plaintiffs also argue that the jury instruction on damages valuation improperly shifted the burden of proof. "A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." *Anderson v. Branen*, 17 F.3d 552, 556 (2d Cir.1994) (citation omitted). The court instructed the jury to consider whether plaintiffs had shown either that the Thunderbolt could have been restored or that it had economic value. Plaintiffs argue that once they proved the Thunderbolt was restorable, the jury should have been instructed that the defendants had the burden of proving that it was valueless. Plaintiffs have not shown, however, that they objected to this alleged shifting of the burden of proof in the district court. Where a party has forfeited a challenge to an instruction by failing to object at trial, we review the instruction only for fundamental error. *Innomed Labs, LLC v. ALZA Corp.*, 368 F.3d 148, 155 (2d Cir. 2004). Here, the court made no error "so

serious and flagrant that it goes to the very integrity of the trial." *Id.* (quotation omitted).

Plaintiffs did object in the district court to the use of the phrase "economic value" in the charge, which they claim improperly suggested that the jury should credit the testimony of the defense expert Max Rosin. We see no merit in plaintiffs' contention that the use of this phrase could have confused the jury about the applicable law. The district court specifically and clearly instructed the jury regarding the difference between compensatory damages (which are "limited to economic damage") and other kinds of damages, such as punitive damages. Any reasonable juror would have understood the use of the phrase "economic damages" in this light. Furthermore, the court repeatedly stated that the decision about whether to credit any witness was for the jury.

Plaintiffs also ask for the entry of judgment as a matter of law in their favor in the amount of $3,148,424.00, apparently because their expert testified that this was the difference between the cost of replicating the Thunderbolt and the cost of repairing it. Even if this method yields an accurate assessment of the replacement cost of the Thunderbolt, the proper measure of value is the lesser of the replacement cost or the diminution in value, as discussed above. Because the jury found the diminution in value to be zero, plaintiffs are not entitled to the $3,148,424.00 they seek.

### B. Expert Witness Testimony

We review decisions about the admissibility of expert testimony for abuse of

---

1. Plaintiffs further argue that a different measure of damages applies to special purpose property. To be considered specialty property, however, the unique improvement must be used for its specialized purpose. If the landowner has abandoned the specialized use of the improvement, the property is not a specialty. *In re County of Suffolk*, 47 N.Y.2d 507, 512, 419 N.Y.S.2d 52, 392 N.E.2d 1236 (N.Y. 1979). Here, the plaintiffs had left the roller coaster unused for at least fifteen years.

discretion. *See Zaremba v. GMC*, 360 F.3d 355, 357 (2d Cir.2004).

■ Plaintiffs also argue that the district court erred by admitting the testimony of Max Rosin, the defendants' expert, who testified that the Thunderbolt's demolition had not materially diminished the value of the property, because the cost of repairing or replicating the roller coaster exceeded the value of doing so. We see no abuse of discretion, however, in the district court's conclusion that although some aspects of Rosin's numbers were questionable, the methods he used were reliable.

■ Plaintiffs argue that the district court erred by limiting the testimony of its experts, Bruce Davidson and Richard Battaglia. The court properly rejected Battaglia's proffered testimony because it would have involved the mere repetition of a bid made by a foreign company, which was not an expert opinion informed by third parties' statements, but simply the repetition of a third party's statement. *See Hutchinson v. Groskin*, 927 F.2d 722, 725–26 (2d Cir.1991) (holding that district court erred in allowing physician to testify that other doctors had reached the same conclusion).

We also find no abuse of discretion in the district court's conclusion that the remainder of Battaglia's testimony, which involved speculative assertions about hypothetical ancillary businesses and potentially higher earnings due to the historical value of the Thunderbolt, was unsupported by reliable methods.

The district court was also within its discretion in permitting the testimony of defense expert Michael Black. Black testified about information he had received from a team of personnel from the Roller Coaster Corporation of America who had inspected the Thunderbolt in 1991. The district court properly instructed the jury that it could consider Black's opinion and the information on which it was based, but that it was required to disregard "any specific remarks or comments that [Black] told you were made by people who had inspected it." *See* Fed. R. Ev. 703. We reject plaintiffs' argument that "[t]his instruction effectively retained the hearsay testimony." *See United States v. Downing*, 297 F.3d 52, 59 (2d Cir.2002) (noting that absent evidence to the contrary, "we must presume that juries understand and abide by a district court's limiting instructions.") (citation omitted).

### C. Conduct of the Trial

■ Plaintiffs argue that the district court improperly quashed its Rule 45 subpoena, *see* Fed.R.Civ.P. 45, for the operating records of the Cyclone, a roller coaster run by the City near the site of the Thunderbolt, and improperly denied a discovery request for the same information. They argue that their inability to get this information "deprived plaintiff of crucial evidence required to cross-examine [defense expert] Rosin, allowing him to testify in a hypothetical vacuum, while the real thing operated just blocks away." Reviewing for abuse of discretion, *see Gould, Inc. v. Mitsui Min. & Smelting Co.*, 825 F.2d 676, 679 (2d Cir.1987), we find none, because plaintiffs have not shown what additional arguments they could have raised on cross-examination with the Cyclone records, given that Rosin was thoroughly cross-examined on a variety of issues.[2]

Plaintiffs also argue that the district court inappropriately limited the time giv-

---

2. The district court reasonably concluded that Rule 45 subpoenas may not be used to circumvent discovery deadlines. *See* Fed. R.Civ.P. 26(a)(5) (describing Rule 45 subpoenas as a form of discovery).

en them for the presentation of their case and for jury challenges. We review challenges to the conduct of a trial for abuse of discretion, reversing only upon a showing of prejudice. *United States v. Carson*, 52 F.3d 1173, 1188 (2d Cir.1995). We find no abuse of discretion here because the plaintiffs have not shown how the precluded testimony would have contributed to their case, nor how the district court's management of the jury challenges prejudiced them. *See* Fed. R. Ev. 611(a)(2) (court shall exercise reasonable control over the presentation of testimony and evidence so as to avoid needless consumption of time); *United States v. Feliciano*, 223 F.3d 102, 110 (2d Cir.2000) (holding that the process of empaneling a jury is "firmly entrusted to the sound discretion of the trial judge and will not be disturbed absent an abuse of this discretion.") (citation and quotation marks omitted).

The plaintiffs further argue that a juror was tainted by improper contact with the defense witness Edward Pribonic, and should have been discharged. We review accusations of juror misconduct for abuse of discretion, *see U.S. v. Cox*, 324 F.3d 77, 86 (2d Cir.2003), recognizing that the district court has "broad flexibility" in the "delicate and complex task" of investigating juror misconduct, *id.*, and ordering remedial measures only if juror misconduct and actual prejudice are found. *Id.* It was not an abuse of discretion for the district court to find no prejudice here, following an investigation of the alleged misconduct. The plaintiffs have failed to support their claim that the juror was not candid regarding the conversation with the witness, and have shown no prejudice stemming from the interaction.

### IV. Conclusion

We have reviewed the remainder of plaintiffs' arguments, and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.