11-619-cv
*Adeyi v. Ken Schubert, et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31ˢᵗ day of January, two thousand thirteen.

PRESENT:

> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
>
> *Circuit Judges.*

---

TUNDE A. ADEYI,

> *Plaintiff-Appellant*,

> v.                                                       No. 11-619-cv

KEN SCHUBERT, SHERRY SMITH, WILLIAM HEVER,

> *Defendants-Appellees*,

RON SIMON, SCOTT NIELSON, KEVIN O'KEEFE,
PAUL SCAGLIONE, PAUL GUSTANELLA,
DOROTHY PAPPERT, PATRICK ARMSTRONG,

> *Defendants.**

---

* The Clerk of the Court is directed to amend the official caption in the case to conform to the caption listed above.

**FOR PLAINTIFF-APPELLANT:**          Tunde Adeyi, *pro se*, Bronx, NY.

**FOR DEFENDANTS-APPELLEES:**          Varuni Nelson, Margaret M. Kolbe (Assistant United States Attorneys) *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a February 11, 2011 judgment of the United States District Court for the Eastern District of New York (Tucker L. Melancon, *Judge*).[1]

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Tunde Adeyi ("Adeyi"), proceeding *pro se*, appeals from the judgment of the District Court, following a bench trial, in favor of the defendants-appellees Ken Shubert, Sherry Smith, and William Hever (collectively "defendants") in his action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). On appeal, Adeyi also moves to correct portions of his trial transcript. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review the district court's findings of fact after a bench trial for clear error and its conclusions of law *de novo*." *See Arch Ins. Co. v. Precision Stone, Inc.*, 584 F.3d 33, 38-39 (2d Cir. 2009) (internal quotation marks omitted). We do not "second-guess either the trial court's credibility assessments or its choice between permissible competing inferences." *Amalfitano v. Rosenberg*, 533 F.3d 117, 123 (2d Cir. 2008) (internal quotation marks omitted). Mixed questions of law and fact are reviewed *de novo*. *See Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 367 (2d Cir. 2008).

---

[1] The Honorable Tucker L. Melancon, of the United States District Court for the Western District of Louisiana, sitting by designation.

Mere negligence will not give rise to a *Bivens* action for a procedural due process violation. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Wantanabe Realty Corp. v. City of New York*, 315 F. Supp. 2d 375, 391 (S.D.N.Y. 2003), *aff'd*, 159 F. App'x 235 (2d Cir. 2005). The District Court in this case found that the defendants were, at most, negligent. Upon review, we find no error, much less clear error, in the District Court's factual findings with respect to each defendant: (1) Schubert was not grossly negligent and did not act with deliberate indifference by failing to check the United States Bureau of Prisons website to see if Adeyi was incarcerated; (2) Hever was not grossly negligent for failing to review Adeyi's case file before initialing Adeyi's order to destroy; (3) Smith was not grossly negligent and did not act with deliberate indifference by accidentally initialing Adeyi's "Order to Destroy."[2] Accordingly, Adeyi has failed to show that the defendants acted in a manner beyond simple negligence that violated his constitutional rights.

Adeyi also makes a number of conclusory arguments that: (a) the United States has consented to being sued under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80 ("FTCA"); (b) the defendants' actions violated the New York State Constitution; and (c) that Adeyi was denied legal materials while in custody until the day prior to his trial.[3] Upon review of the record, we find that these arguments either lack any support in the record, or are otherwise contradicted by it.

---

[2] Although Adeyi asserts that Smith should have issued a second "Order to Destroy" upon seeing his Final Administrative Action letter, it is not clear that Smith ever saw it—as demonstrated through testimony by both Smith and Hever.

[3] Adeyi also seeks injunctive relief, asking the Court to provide his wife and children with visas to travel to the United States. Adeyi has not articulated a legally cognizable basis for such relief, nor is one apparent on our review. Accordingly, we deny this request.

**CONCLUSION**

We have considered all of Adeyi's arguments on appeal and find them to be without merit.

Accordingly, we **AFFIRM** the February 11, 2011 judgment of the District Court. Adeyi's "motion

to correct" of April 25, 2012 (Dkt. No. 103) is **DENIED** as moot.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk